THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CA 17-0078-KD-C |
| | ) |
| | ) |
| $85,170.00, more or less | ) |
| in U.S. Currency, | ) |
| | ) |
| Defendant. | ) |

## RELEASE AND SETTLEMENT OF CLAIM AND STIPULATION

COME NOW the plaintiff, the United States of America, by and through

Richard W. Moore, United States Attorney for the Southern District of Alabama,

and claimant, Automotive Capital, LLC, d/b/a Autostar Leasing ("Autostar"), by

and through its attorney, Joshua S. Widlansky, and enter into this Release and

Settlement of Claim and Stipulation as follows:

WHEREAS, on February 15, 2017, the United States having filed a Verified

Complaint for Forfeiture *In Rem* alleging that the above-captioned defendant is

subject to forfeiture to the United States; and,

WHEREAS, claimant Autostar, having filed a timely Claim and Answer in

response to the Verified Complaint for Forfeiture *In Rem,* on March 13, 2017 and

April 6, 2017, respectively; and,

WHEREAS, Joshua S. Widlansky, Esq., appeared on behalf of Claimant Autostar, to represent its interests in this action including its claimed interest in the defendant *in rem*, and in connection with its execution of this Release and Settlement and Stipulation on the terms set forth herein; and,

WHEREAS, plaintiff published notice at www.forfetiure.gov (Doc. 11) to notify any potential unknown claimants of the plaintiff's intent to forfeit the defendant *in rem* and the responsive pleading requirements, from February 17, 2017 through March 18, 2017, making any claims by such claimants due 60 days from the first date of publication, namely, on or before April 18, 2017; and,

WHEREAS, plaintiff received no claims from any claimants other than Autostar, and the time permitted under Supplemental Rule G(5) for filing such responsive pleadings has expired; and,

WHEREAS, under the sound policy of law favoring settlements, and in the interest of conservation of legal and judicial resources, the parties hereto desire termination of this civil forfeiture proceeding, and to enter into this mutually acceptable compromise and settlement, without trial or adjudication of any issue of fact or law, and have agreed to resolve and settle this matter between them in accordance with the terms set forth herein:

NOW, THEREFORE, upon the pleadings, and through this Release and Settlement Agreement and Stipulation, the United States and claimant, Autostar, as signatories hereto, hereby stipulate and agree as follows:

1.  All signatories to this document admit that jurisdiction and venue is proper in this Court.

2.  The Verified Complaint in the above-captioned action states forfeiture claims upon which relief may be granted.

3.  In exchange for and in consideration of Autostar's agreement to release the plaintiff and its agencies and bear its own costs and attorney's fees as detailed below, plaintiff hereby agrees that as soon as practicable after execution of this agreement, it will request that the U.S. Customs and Border Protection Fines, Penalties and Forfeiture section, that is in possession of the defendant $85,170.00, return said $85,170.00 to Autostar via Electronic Funds Transfer to the trust account of Autostar's counsel, Joshua S. Widlansky. Plaintiff and Autostar further agree to enter and file a Joint Stipulation for Dismissal of this action.

4.  In exchange for and in consideration of the foregoing, claimant Autostar, on behalf of itself, its representatives, designees, agents, successors in interest and attorneys, covenants and agrees to and does hereby forever release and save harmless the United States of America, the United States Department of Justice, United States Attorney's Office for the Southern District of Alabama, the

Department of Homeland Security, the Department of Homeland Security Investigations, the Fines, Penalties, and Forfeitures section of the U.S. Customs and Border Protection, ("F,P&F"), and their officials, officers, and employees, in their official or any other capacity, from any claim, liability, obligation, appeal, action or demand, known or unknown, which it may now have or hereafter have against said released parties in connection with, arising out of, or incident to the seizure and attempted administrative and judicial forfeiture of the *in rem* defendant which is the subject of this action, including any claim for interest, attorney's fees and expenses under the Equal Access to Justice Act, Civil Asset Forfeiture Reform Act, and any other statutory or legal basis for recovery of such fees and expenses, except for any claim arising as a result of the United States' failure to comply with the terms of this Agreement.

5.     The United States of America on behalf of itself, its representatives, designees, agents, successors in interest, and attorneys, agree to and does hereby forever release and save harmless the claimant, Autostar, on behalf of itself, its representatives, designees, agents, successors in interest and attorneys, from any claim, liability, obligation, appeal, action or demand, known or unknown, which it may now have or hereafter have against said released parties in connection with, arising out of, or incident to the seizure and attempted administrative and judicial forfeiture of the *in rem* defendant which is the subject of this action, including any

claim for interest, attorney's fees and expenses under the Equal Access to Justice Act, Civil Asset Forfeiture Reform Act, and any other statutory or legal basis for recovery of such fees and expenses, whether tangible or intangible, except for any claim arising as a result Autostar's failure to comply with the terms of this Agreement.

6. The United States and claimant, Autostar, agree that this Release and Settlement Agreement and Stipulation embodies and constitutes complete disposition and resolution of its claim and answer regarding the *in rem* defendant, and to any other challenge to any administrative or other forfeiture action, except as expressly reserved for each of the parties above, and that the United States shall have no other, further, or additional obligation or liability to the signatories to this document except as herein provided.

7. The United States and claimant, Autostar, further agree, understand, and acknowledge that neither of the parties to this agreement admit to or acknowledge any liability or wrongdoing whatsoever to the other with respect to the transactions which formed the basis of this forfeiture action.

8. The United States makes no representations as to the tax consequences, if any, of the settlement of the instant action. The United States and claimant, Autostar, agree that this settlement resolves all matters at issue in this action.

9.    With the exception of the separate Joint Stipulation for Dismissal referenced by the parties in paragraph 3. above, this document constitutes the final, complete, and exclusive agreement and understanding between the parties with respect to the settlement embodied in it and supersedes all prior agreements and understandings, whether oral or written.  No other document, nor any representation, inducement, agreement, understanding or promise constitutes any part of this document or the settlement it represents, nor shall it be used in construing the terms of this document.  For purposes of construction, this document shall be deemed to have been drafted by the parties and shall not, therefore, be construed against any party in any subsequent dispute, including but not limited to any proceedings in which the United States or Autostar seeks to enforce the terms of this document.

10.    If any provision of this document is hereafter determined to be invalid for any reason, the balance of it shall remain in full force and effect.  The obligations of this document apply to and are binding upon Autostar and the United States and any of its successors, transferees, and assignees.

11.    It is contemplated that this document may be executed in several counterparts.  All such counterparts and signature pages, which may include electronic and scanned signatures, together, shall be deemed to be one document.

IN WITNESS WHEREOF, the following persons have set their respective hands:

Englewood, New Jersey
November 30, 2017

_____
Michael Heifitz,
Claimant Automotive Capital, LLC,
d/b/a Autostar Leasing ("Autostar")
As its: President

November 30, 2017

_____
Joshua S. Widlansky, Esq.
Counsel for Claimant Autostar
Padula Bennardo Levine
3837 NW Boca Rotan Boulevard, Ste. 200
Boca Raton, Fl. 33431
(561) 544-8900

November 30, 2017

RICHARD W. MOORE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF ALABAMA

By: _____
Alex F. Lankford, IV
Assistant United States Attorney
63 S. Royal Street, Suite 600
Mobile, Alabama 36602
(251) 441-5845

7